

McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Phone: 804.775.1000
Fax: 804.775.1061
www.mcguirewoods.com

Matthew A. Fitzgerald
Direct: 804.775.4716
mfitzgerald@mcguirewoods.com
Fax: 804.698.2251

April 16, 2024

**VIA CM/ECF**
Mark J. Langer, Clerk
United States Court of Appeals for the
District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

    Re:   Rule 28(j) Letter Response
              *Paragould Light & Water Comm'n, et al. v. FERC*, 23-1133
              **(Oral Argument Held April 5, 2024)**

Dear Mr. Langer:

       This letter responds to SPP's Rule 28(j) letter of April 12.

       Neither case SPP cites helps the Commission's case here.  First, in *Sw. Power Pool, Inc.*, 179 FERC ¶ 61,155 (2022), one issue was whether People's Electric Cooperative should be added to SPP zones 7, 10, and 13.  SPP proposed that zonal placement, and Western Farmers opposed it, arguing that such a placement would be inconsistent with cost causation because the facilities were not built to serve that load.  *Id*. P 15.  The Commission refused to approve the placement, setting it instead for a hearing.  *Id*. P 41.  The issue remains unsettled.  SPP Apr. 12 Rule 28(j) Letter (admitting the case is "currently pending and set for hearing").  Thus, the placement in that case is disputed, undetermined, and not precedent for anything.

April 16, 2024
Page 2

The second zonal placement case was settled, as SPP admits. FERC's final order states: "The Commission's approval of this Settlement does not constitute approval of, or precedent regarding, any principle or issue in these proceedings." *Sw. Power Pool, Inc.*, 174 FERC ¶ 61,146, at P 3. The simple fact that SPP has integrated a transmission owner into an existing zone with eventual agreement of all involved does not support either side in this appeal.

In these cases, as in *NPPD*, the *ICC* cases, and *City of Lincoln*, the Commission and courts have asked the same proper question. *Who must take on new costs, and do roughly commensurate benefits to that party exist to justify those new costs?* That is the question the Commission refuses to ask in this case, and why this Court should remand. *See Coalition of MISO Transmission Owners v. FERC*, 45 F.4th 1004, 1009 (D.C. Cir. 2022) ("Said more simply, the burden on ratepayers of paying for a project should be matched with its benefit to them."). Petitioners are aware of no zonal placement case in which benefits to the party who was already paying (Nixa) are used to justify moving costs *off* that party and onto others (petitioners).

Sincerely,

*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald

CC: All counsel of record (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the word limitations of Fed. R. App. P. 28(j) and this Circuit's local rules because the body of this letter contains 334 words.

                                                  */s/ Matthew A. Fitzgerald*
                                                  Matthew A. Fitzgerald

# CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2024, the foregoing was filed with the Clerk of the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system, which will also serve counsel of record.

*/s/ Matthew A. Fitzgerald*
Matthew A. Fitzgerald
